13-1615
Zeng v. Holder

BIA
Loprest, IJ
A087 433 165

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand fourteen.

PRESENT:
>     REENA RAGGI,
>     DEBRA ANN LIVINGSTON,
>     DENNY CHIN,
>         *Circuit Judges.*

_____

BIHUA ZENG,
>     *Petitioner,*

     v.                      13-1615
                                   NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>     *Respondent.*

_____

| | |
|---|---|
| FOR PETITIONER: | WaiSim M. Cheung, Tsoi and Associates, New York, New York. |
| FOR RESPONDENT: | Stuart F. Delery, Assistant Attorney General; David V. Bernal, Assistant Director; Jesse M. Bless, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bihua Zeng, a native and citizen of the People's Republic of China, seeks review of an April 8, 2013, decision of the BIA, affirming the March 31, 2011 decision of Immigration Judge ("IJ") F. James Loprest, Jr., denying Zeng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bihua Zeng*, No. A087 433 165 (B.I.A. Apr. 8, 2013), *aff'g* No. A087 433 165 (Immig. Ct. N.Y. City Mar. 31, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications governed by the REAL ID Act, the agency may base a

credibility finding on inconsistencies in the asylum applicant's statements and other record evidence without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64. Here, substantial evidence supports the agency's determination that Zeng was not credible.

First, the agency reasonably relied on the fact that Zeng failed to state at her credible fear interview that she had been arrested and beaten and feared future harm on account of her practice of Falun Gong. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166-67 & n.3. The agency did not err in concluding that the record of Zeng's credible fear interview was sufficiently reliable because it included a typed verbatim transcript of the questions asked and answered with the assistance of a translator, indicated that the interviewer explained the reasons for the interview, and posed questions designed to elicit information regarding a potential asylum claim. *See Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009). The agency was not compelled to credit Zeng's explanation for the omission. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

The agency also did not err in finding that the record was inconsistent regarding whether Zeng's husband visited her in hiding, where she lived while hiding, and when her husband departed China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. The agency reasonably relied further on Zeng's failure to provide a corroborating statement from a fellow Falun Gong practitioner in the United States. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Finally, the IJ did not err in finding it implausible that Zeng practices Falun Gong in light of her inability to testify as to certain details of her practice. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (recognizing that there may be "instances in which the nature of an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect and could therefore provide substantial evidence in support of an adverse credibility finding").

Given the omission, inconsistencies, and lack of corroboration, the agency reasonably found Zeng not credible, and denied her asylum, withholding of removal, and CAT relief because those claims were based on the same

4

factual predicate. *See Xiu Xia Lin*, 534 F.3d at 165-66; *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk